IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERMAN E. GARNER,

                                                    ORDER
                         Plaintiff,
                                                    15-cv-653-bbc
              v.

PROCLIP USA, INC.,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Herman E. Garner is suing defendant ProClip USA, Inc. for allegedly demoting and terminating him because of his race, in violation of Title VII of the Civil Rights Act of 1964. When he filed suit, plaintiff was represented by counsel, but his counsel later withdrew from the case after settlement discussions fell apart. Dkt. #21. The court stayed the case for a time to give plaintiff the opportunity to find a new lawyer, but he has not retained new counsel and has been proceeding pro se since August 2016.

Before the court is defendant's motion to compel discovery from plaintiff. Dkt. #40. Plaintiff did not respond to the motion. As detailed in defendant's submissions, plaintiff has refused to sign and answer fully several of the interrogatories defendant served on him. In particular, he has refused to provide complete answers to interrogatories numbers 2, 5, 9 and 11, instead relying on vague and general objections. Defendant contacted plaintiff multiple times about his answers, but plaintiff failed to either supplement his answers or confirm that his current answers were complete. Because I conclude that these interrogatories seek

1

information relevant to the claims and defenses in this case, and plaintiff has identified no valid reason for failing to respond fully to them, I am granting defendant's motion to compel plaintiff to sign and swear to his previous answers and provide complete responses to interrogatories 2, 5, 9 and 11.

Additionally, plaintiff failed to appear for his properly noticed deposition, scheduled for April 5, 2017 in Madison, Wisconsin, despite telling defendant's counsel that he was available for a deposition on that day. Not only did plaintiff fail to appear, he did not warn defendant that he would not be appearing and has provided no explanation for his failure to appear. Parties have a right to conduct discovery, including depositions, regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party must attend a properly noticed deposition unless he shows "good cause" that he must be protected from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff has not shown good cause. Therefore, defendant may depose plaintiff.

Defendant will notice plaintiff's deposition within 30 days of the court's order on the motion to compel. If plaintiff has a genuine, valid reason why he cannot attend a deposition on the noticed date, he should let defendant know right away. If plaintiff tries to avoid being deposed by offering unpersuasive excuses, then he will face consequences from the court. It is well settled that sanctions may be imposed, when appropriate, when a party fails, after being served with proper notice, to appear for a deposition unless he already filed a motion for a protective order. Fed. R. Civ. P. 37(d); De Bauche v. Harley-Davidson Motor

<u>Co. Operations, Inc.</u>, 88 F. App'x 122, 124–25 (7th Cir. 2004) (affirming a district court's order dismissing a case as a sanction for a pro se plaintiff's refusal to participate in a deposition).

Finally, defendant asks that plaintiff be ordered to pay for its reasonable costs and attorneys fees incurred in compelling plaintiff's compliance with discovery and this motion. Fed. R. Civ. P. 37(a)(5)(A). I am inclined to grant this request. In some cases, a party's pro se or indigent status may make an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Here, however, there is no evidence that plaintiff is indigent, and he has made no attempt to explain his failure to respond to defendant's repeated communications or his failure to show up for his deposition. The fact that plaintiff is proceeding pro se does not relieve him of his duty to engage in good faith discovery. <u>Fischer v. Cingular Wireless, LLC</u>, 446 F.3d 663, 664-66 (7th Cir. 2006) (explaining that pro se plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal). Before granting defendant's costs and fees, however, I will give plaintiff one opportunity to object. After defendant submits an itemized statement of costs and fees, plaintiff may respond with any objection he may have to the costs and fees sought. Finally, plaintiff should be aware that if he fails to comply with this order, I may dismiss this action entirely as a sanction. Fed. R. Civ. P. 37(b)(2)(A).

ORDER

IT IS ORDERED that

1. Defendant ProClip USA, Inc.'s motion to compel, dkt. #40, is GRANTED. Plaintiff Herman E. Garner must (1) provide defendant full and complete interrogatory answers signed under oath no later than September 26, 2017; and (2) attend his deposition if properly noticed by defendant within 30 days of this order.

2. Defendant may have until September 25, 2017, to submit documentation of the costs and attorney fees incurred in making the motion to compel. Plaintiff may until October 2, 2017 to file a brief in opposition.

Entered this 18th day of September, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge