IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HERMAN E. GARNER,

                          Plaintiff,

     v.

PROCLIP USA, INC.,

                          Defendant.

OPINION AND ORDER

15-cv-653-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Herman E. Garner brought this lawsuit against defendant ProClip USA, Inc. for allegedly demoting and terminating him because of his race, in violation of Title VII of the Civil Rights Act of 1964. When he filed suit, plaintiff was represented by counsel, but his counsel later withdrew from the case after settlement discussions broke down. Dkt. #21. The court stayed the case for a time to give plaintiff the opportunity to find a new lawyer, but he has not done so and has been proceeding pro se since August 2016. In February 2017, the court held a preliminary pretrial conference, at which plaintiff appeared on his own behalf.

Since February 2017, the court has received no communications from plaintiff. On August 23, 2017, defendant filed a motion to compel, dkt. #40, to which plaintiff did not respond. I granted the motion on September 18, 2017, ordering plaintiff to provide defendant full and complete interrogatory answers signed under oath and attend his properly noticed deposition. Dkt. #49. I also warned plaintiff that if he did not comply, I would consider dismissing this case as a sanction. Id. at 3.

1

Defendant filed a motion for summary judgment on September 15, 2017. Dkt. #43. Plaintiff's brief in opposition was due on October 18, 2017, but plaintiff filed nothing. Defendant also filed a motion for attorney fees for its motion to compel, dkt. #50, which I granted after receiving no response from plaintiff. I ordered plaintiff to pay $1,981.94 to defendant by November 12, 2017, as a sanction for the fees and expenses defendant incurred as a result of plaintiff's failure to provide discovery responses and appear at his properly noticed deposition. Dkt. #56. To date, plaintiff has not made any payment to defendant and has not submitted his discovery responses. He also failed to show up for his second properly noticed deposition. Dkt. #59.

Now defendant has filed a motion to dismiss plaintiff's complaint under Rule 41(b) of the Federal Rules of Civil Procedure as a sanction for plaintiff's ongoing failure to provide discovery responses, comply with this court's September 18 order and prosecute this case. Dkt. #57. Plaintiff did not respond to the motion.

I am granting the motion. Under Rule 41(b), a defendant may move for dismissal of an action with prejudice if a plaintiff fails to "prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Before a district court imposes a Rule 41(b) dismissal, it should consider: "1) whether the wrongdoer (or [his] counsel) received 'due warning' that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case." Graham v. Schomaker,

215 F.3d 1329 (7th Cir. 2000) (citing Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)).

In this instance, I warned plaintiff in the September 18, 2017 order that I may dismiss this action if he failed to provide discovery responses and attend his deposition if properly noticed by defendant. Dkt. #49 at 3. Not only has plaintiff failed to comply with that order, but he has also failed to comply with the October 12, 2017 order directing him to pay defendant's attorney fees, dkt. #56, and has failed to respond to any of the recent motions filed by defendant. Issuing a monetary sanction to plaintiff did not seem to spur him into action any more than my previous warning about possible dismissal. Further, plaintiff's misconduct has prejudiced defendant, as defendant has continued to incur costs and fees in attempting to litigate this case despite plaintiff's apparent abandonment of it. Finally, in light of plaintiff's failure to dispute any of defendant's summary judgment filings, his case appears to have little merit. Accordingly, I find that all of the factors set forth in Graham and Ball support dismissal of this action under Rule 41(b). See also Fischer v. Cingular Wireless, LLC, 446 F.3d 663, 664-66 (7th Cir. 2006) (explaining that pro se plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal). However, because I conclude that dismissal is a sufficient sanction under the circumstances, I will deny defendant's request for additional attorney fees.

ORDER

IT IS ORDERED that defendant ProClip USA, Inc.'s motion to dismiss this case as

a sanction, dkt. #57, is GRANTED IN PART and DENIED IN PART. The motion to dismiss is GRANTED, and this case is DISMISSED with prejudice under Fed. R. Civ. P. 41(b). The motion for attorney fees and costs is DENIED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 11th day of December, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge